1  **WO**

2

3

4

5

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

8

9  Duffy Archive Limited,                    No. CV-21-02173-PHX-DGC

10                  Plaintiff,              **ORDER**

11  v.

12  AZ Board Source, LLC,

13                  Defendant.

14

15

16      Plaintiff Duffy Archive Limited has filed a motion to strike the affirmative

17  defenses in Defendant AZ Board Source's answer.  Doc. 16; *see* Doc. 13 at 4-5.  The

18  Court will grant the motion.

19      **A.    Background.**

20      In 1973, photographer Brian Duffy created this "Aladdin Sane" photograph of

21  rock star David Bowie:



- 1 -

1    Doc. 1 ¶¶ 2, 10.  Duffy registered the photograph with the United States Copyright Office

2    on June 12, 2009.  *Id.* ¶ 11; Doc. 1-2 at 2.  At all relevant times, Plaintiff owned the

3    copyrighted photograph.  Doc. 1 ¶ 12.

4        Defendant manufactures and sells cornhole games, and owns and operates the

5    internet website at www.azboardsource.com.  *Id.* ¶ 3.  Plaintiff alleges that Defendant

6    copied the "Aladdin Sane" photograph from the internet and has used the photograph to

7    advertise, market and promote its business activities.  *Id.* ¶ 4; Doc. 1-3.

8        Plaintiff brought this copyright infringement action in December 2021.  Doc. 1.  In

9    January 2022, Defendant filed an answer that includes seventeen affirmative defenses.

10   Doc. 13.

11       **B.     Plaintiff's Motion to Strike.**

12       On February 4, Plaintiff moved to strike each affirmative defense.  Doc. 16.[1]

13   Plaintiff argues that many of the affirmative defenses are simply "negative" defenses

14   aimed at Plaintiff's prima facie case of copyright infringement.  Doc. 16 at 9 (citing

15   *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174

16   (N.D. Cal. 2010) ("AT&T's affirmative defenses simply provide a basis to negate an

17   element of Barnes' prima facie case for relief and are restatements of denials present in

18   earlier parts of the complaint.  Accordingly, these affirmative defenses, which, in fact, are

19   merely rebuttal to plaintiff's claims[,] are stricken.")).  Plaintiff contends that other

20   affirmative defenses are not supported by any legal authority or factual basis.  *Id.* (citing

21   *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining

22   the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice

23   of the defense")); *see Pepsico, Inc. v. J.K. Distribs., Inc.*, No. 8:07CV00657, 2007 WL

24   2852647, at *2 (C.D. Cal. Sept. 14, 2007) ("Insufficient defenses may be stricken when

25   they are insufficient as a matter of law or fail to give the plaintiff 'fair notice' of the

26   defense being asserted."); *see also* Doc. 16 at 10-20 (addressing each affirmative

27

28       [1] Before filing the motion, Plaintiff sought to meet and confer with Defendant about the affirmative defenses, but received no response.  *See id.* at 7; Docs. 16-2, 16-3.

defense).  Defendant has filed no response to the motion, and the time for doing so has passed.  *See* LRCiv 7.2(c) (providing fourteen days to file a response).

Local Rule 7.2 provides that a party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  LRCiv 7.2(i).  Because the motion to strike has been pending for more than a month without a response from Defendant, the Court will deem Defendant's failure to respond as consent to the granting of the motion.  *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (explaining that "the district court has discretion to determine whether noncompliance should be deemed consent to the motion"); *United States v. Brown*, No. CV-18-04213-PHX-DLR, 2019 WL 5549174, at *3 (D. Ariz. Oct. 28, 2019) (granting motion to strike pleading pursuant to LRCiv 7.2(i)); *Goins v. Wells Fargo Bank LLC NA*, No. CV-21-01219-PHX-DGC, 2021 WL 5908207, at *3 (D. Ariz. Dec. 14, 2021) (same).

**IT IS ORDERED:**

1.     Plaintiff's unopposed motion to strike affirmative defenses in Defendant's answer (Doc. 16) is **granted**.

2.     The seventeen affirmative defenses in Defendant's answer (Doc. 13 at 4-5) are deemed **stricken**.

Dated this 16th day of March, 2022.

David G. Campbell
Senior United States District Judge