**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Duffy Archive Limited,<br><br>           Plaintiff,<br><br>v.<br><br>AZ Board Source, LLC,<br><br>           Defendant. | No. CV-21-02173-PHX-DGC<br><br>**ORDER** |

Defendant AZ Board Source failed to comply with this Court's order to engage in good faith settlement talks (Doc. 20), failed to comply with Judge Willett's orders regarding the settlement conference (Docs. 22, 23), and failed to show cause why sanctions should not be imposed for this conduct, as ordered by Judge Willett (Doc. 27). At the Court's direction, Plaintiff Duffy Archive Limited has filed a memorandum requesting an appropriate sanction. Docs. 28, 29. Defendant has filed a response. Doc. 30. The Court will award Plaintiff $2,312.50 in attorneys' fees as a sanction for Defendant's misconduct.

**I.      Background.**

In 1973, photographer Brian Duffy created the "Aladdin Sane" photograph of rock star David Bowie. Doc. 1 ¶¶ 2, 10. Duffy registered the photograph with the United

States Copyright Office on June 12, 2009. *Id.* ¶ 11; Doc. 1-2 at 2. At all relevant times, Plaintiff owned the copyrighted photograph. Doc. 1 ¶ 12.

Defendant manufactures and sells cornhole games, and owns and operates the internet website at www.azboardsource.com. *Id.* ¶ 3. Plaintiff alleges that Defendant copied the "Aladdin Sane" photograph from the internet and has used the photograph to advertise, market, and promote its business activities. *Id.* ¶ 4; Doc. 1-3.

Plaintiff brought this copyright infringement action in December 2021. Doc. 1. Defendant filed an answer that included affirmative defenses. Doc. 13. Plaintiff moved to strike each affirmative defense. Doc. 16. Defendant failed to respond, and the Court summarily granted the motion. Doc. 24.[1]

A case management conference was held on February 25, 2022, at which the parties agreed that the case should be referred to Judge Willett for a settlement conference. Doc. 19. The Court's case management order also required the parties and their counsel to meet in person and engage in good faith settlement talks by May 13, 2022. Doc. 20 ¶ 8.

During a status conference with Judge Willett on March 14, 2022, the parties agreed to participate in a settlement conference on May 4, 2022. Doc. 22. Judge Willett ordered the parties to email separate conference call-in numbers for purposes of caucusing and to timely submit confidential settlement statements and signed mediation ground rules by April 27, 2022. Doc. 23 at 2-3. Defendant was further ordered to facilitate the conference call-in number for purposes of the general session and to email the same to Judge Willett by May 1, 2022. *Id.* at 1-2. Judge Willett warned the parties that sanctions may result from a failure to comply with her orders. *Id.* at 2.

Defendant failed to submit a settlement statement and signed mediation ground rules, and provided no call-in numbers. *See* Doc. 27 at 2.[2] Judge Willett's chambers

---

[1] Before filing the motion, Plaintiff sought to meet and confer with Defendant about the affirmative defenses, but received no response. *See* Doc. 16 at 7.

[2] Plaintiff timely complied with those requirements. *See id.*

2

emailed a reminder to defense counsel on April 29, 2022, but received no response. *See id.* Judge Willett found, correctly, that Defendant and its counsel had abandoned the settlement conference process. *Id.* She accordingly vacated the May 4 settlement conference and ordered Defendant, by May 17, 2022, to show cause in writing why sanctions should not be imposed. *Id.* Defendant failed to comply with that order.

**II.     Discussion.**

Litigants are required to follow court orders. Federal Rule of Civil Procedure 16 provides that the court may order "just" sanctions where a party or its attorney fails to obey a pretrial order or participate in a pretrial conference. Fed. R. Civ. P. 16(f)(1); *see also* LRCiv 83.1(f) (same). "Violations of Federal Rule 16 are neither technical nor trivial. It is clear that 'the rule is broadly remedial and its purpose is to encourage forceful judicial management.'" *Ceja v. Vons Companies, Inc.*, No. 2:21-cv-00614-CDS-NJK, 2022 WL 1409227, at *1 (D. Nev. May 3, 2022) (citations omitted). As the Ninth Circuit has observed, uncorrected disregard of a pretrial order "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Id.* (citation omitted).

Rule 16(f) provides that the court "must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). "Rule 16(f) applies to all pretrial orders, including court-mandated settlement conferences." *Ceja*, 2022 WL 1409227, at *1 (citing *Pittman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003)). "Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences." *Id.* (citing cases).

Plaintiff seeks a monetary sanction against Defendant in the amount of $2,312.50, which would cover the attorneys' fees Plaintiff incurred for preparation of its confidential

settlement statement. Doc. 29 at 2. In an attempt to deflect blame, Defendant asserts that Plaintiff has refused to modify its initial $25,000 settlement offer and "has not made any good faith settlement negotiations." Doc. 30 at 2. Defendant also blames a "calendaring error" for the "missed date[.]" *Id.* Neither of these excuses justifies Defendant's disregard of Judge Willett's orders and its failure to participate in the settlement conference.³

The Court finds the requested monetary sanction of $2,312.50 to be appropriate and reasonable. Court-ordered settlement conferences provide an important vehicle for parties to resolve their dispute short of trial. *See Ceja*, 2022 WL 1409227, at *2. Settlement conferences involve a significant amount of time and expense, and amount to a serious waste of resources when one party fails to participate. *See id.* While Defendant apologizes for not participating in the settlement conference process (Doc. 30 at 2), an apology does not change the fact that resources were wasted and is not enough to escape sanctions. *See* Fed. R. Civ. P. 16(f)(2); *Ceja*, 2022 WL 1409227, at *2 ("Both courts and commentators agree that sanctions can be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith.") (citations omitted).

**IT IS ORDERED** that Plaintiff is awarded **$2,312.50** in attorneys' fees as a sanction for the misconduct of Defendant and its counsel. Defendant and its counsel shall pay this sum to Plaintiff within **30 days of this order**.

Dated this 30th day of June, 2022.

David G. Campbell
Senior United States District Judge

---

³ If Defendant reasonably believed that the settlement conference would be futile, it was required to file a notice to that effect by March 28, 2022. Doc. 23 at 3. Defendant filed no such notice.